**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

KATEISA GREEN                                                                    PLAINTIFF

v.                                            5:15CV00020-JTK

GREG BOLIN, et al.                                                              DEFENDANTS

## MEMORANDUM AND ORDER

### I.      Introduction

Plaintiff Kateisa Green filed this pro se action pursuant to 42 U.S.C. § 1983 while incarcerated at the McPherson Unit of the Arkansas Department of Correction (ADC).  She notified the Court of her release from custody on June 9, 2015 (Doc. No. 20).  She alleges Defendants interfered with her First Amendment right to correspond with her mother, and seeks monetary and injunctive relief.

This matter is before the Court on Defendants' Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 22-24).  Plaintiff filed a Response to the Motion, and a Statement of Facts (Doc. Nos. 26-27).

### II.     Amended Complaint (Doc. No. 9)

 Plaintiff claims that when she arrived at the ADC, she submitted a request to correspond by mail with her mother, who was incarcerated at the time at the Dub Brassell Detention Center (Jail). She received an answer from the Warden that the request was forwarded to the administrator of the Jail (Defendant Bolin).  Plaintiff then mailed a letter to her mother, which was returned to her by Defendant Brawley, who was aware of the Plaintiff's relation to her mother.  Defendant Tyler also denied and refused to allow correspondence by failing to respond to Plaintiff's request and by authorizing Brawley to deny the correspondence.  Plaintiff then sent an inquiry about her

correspondence request to the ADC Unit Warden, who indicated that the Jail had not responded. This denial caused Plaintiff extreme mental stress over wondering if her mother was receiving adequate medical care. Defendants also violated her right to communicate with her mother concerning their valid and open criminal/legal case.

## III.   Summary Judgment

Pursuant to Fed.R.Civ.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.   Official Capacity Liability

The Court agrees with Defendants that Plaintiff's monetary claims against them in their official capacities should be dismissed. A suit against a county official in his official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must

allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). Plaintiff does not allege that a Jail policy was the moving force behind the alleged unconstitutional acts of the Defendants. Rather, she claims Defendants failed to abide by the Jail policy which permits correspondence between inmates who are family members. Therefore, the Court finds that the monetary claims against Defendants in their official capacities should be dismissed.

### B.    Exhaustion

The Court disagrees, however, with Defendants' argument that Plaintiff's allegations should be dismissed because she did not file a Jail grievance about the issue. According to Defendants' submissions, Plaintiff and her mother, Ruthie Green, were incarcerated at the Jail in early 2014, and Plaintiff was transferred to the ADC about March 28, 2014 (Doc. No. 23-1). Plaintiff's mother was released from the Jail on July 10, 2014. (Id.) However, Plaintiff did not complain about the correspondence issue until she was at the ADC, and her mother was at the Jail. Therefore, she was not an inmate at the Jail at the time and could not have utilized the Jail grievance procedure.

### C.    Individual Capacity Liability

In support of their Motion, Defendant Bolin states that he does not recall receiving a request from the ADC asking for approval for Plaintiff to correspond with her mother, and at the time, did not realize that the ADC permitted correspondence between some inmates. (Doc. No. 23-1) He has since received some of those correspondence requests from the ADC. (Id.) He further states that the Jail generally approves of correspondence between spouses and immediate family members, which is consistent with the Jail policy regarding inmate mail within the Jail. (Id.) Defendants also submit a copy of the Jail mail policy, which prohibits correspondence between detainees within the

Jail excepting that between husband and wife, parent and child, brother and sister, or other instances specifically approved.  (Doc. No. 23-2, p. 5)

Based on these undisputed facts, Defendants state that Plaintiff cannot support a constitutional claim against them.  She was not incarcerated at the Jail at the time she made her request to the ADC on May 20, 2014, and does not dispute that at the time she mailed her letter to her mother at the Jail, her request with the ADC had not yet been approved.  Defendants state that restrictions on inmate-to-inmate correspondence which are related to a legitimate government interest in preventing escape and reducing inmate violence do not constitute violations of the First Amendment, as set forth in Turner v. Safley, 482 U.S. 78, 91-92 (1989).

In response, Plaintiff states Defendant Bolin admits in his declaration that he lacked knowledge about facility-to-facility mail correspondence and if the Jail permits correspondence between inmates who are parent and child, the letter she wrote to her mother should not have been returned.  She refers to an inmate request form she submitted at the ADC on May 20, 2014, and the Deputy Warden's response that her request to correspond was sent on 5-22-14.  (Doc. No. 21) In addition, she refers to another request on June 30, 2014, asking about the status of her correspondence request, to which the Deputy Warden responded that approval had not yet been received.  (Id.)  Based on these requests/responses, Plaintiff states that Defendants were not knowledgeable of the Jail and ADC rules and procedures, and violated her rights by failing to approve the correspondence and by returning the letter sent to her mother.

As stated in Turner, courts have reviewed challenged prison regulations to determine if they are "reasonably related to legitimate penological objectives."  482 U.S. at 87.  In addition, in Pell v. Procunier, the Court stated that judgments regarding prison security "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial

4

evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." 417 U.S. 817, 827 (1974). And finally, the right of inmates to reasonable correspondence with persons in the "outside world ... is not untrammeled. It is subject to reasonable and necessary restrictions properly geared to legitimate institutional interests." Watts v. Brewer, 588 F.2d 646, 649-50 (8th Cir. 1978).[1]

In this particular case, the material facts are not disputed. Plaintiff was incarcerated at the ADC and submitted a request to correspond with her mother at the Jail on May 20, 2014. The request was submitted; however, it is not clear from the inmate request forms whether it was submitted for approval to ADC officials or to Dub Brassell Jail officials. (Doc. No. 21) In addition, Plaintiff does not dispute Defendant Bolin's statement that he does not recall receiving a correspondence request at the time, was not aware that the ADC permitted inmates to correspond, and had no reason to deny such a request on his end, given the Jail policy which permits related Jail inmates to correspond with each other. Plaintiff also does not dispute that the time period at issue involved four to six weeks, until her mother was released on July 14, 2014, or that only one letter was allegedly returned to her. Plaintiff does not challenge a Jail policy, per se, as the Jail's mail policy does not specifically cover correspondence between an inmate at another institution and an inmate at the Jail. Therefore, she appears to complain about an isolated incident. Based on all these undisputed facts, the Court finds no evidence that any of the three named Defendants were responsible for denying correspondence between Plaintiff and her mother, or intentionally prevented

_____

[1]The court in Watts continued, "We do not say that a state has an unqualified right to forbid an inmate of one of its penal institutions to correspond with an inmate of another penal institution in the same state or in a different state. We think it obvious, however, that where such correspondence is involved the institutional authorities have a peculiar and compelling interest in the regulation of such communications and in prohibiting smuggled or surreptitious correspondence between inmates of different institutions." 588 F.2d at 650.

her from corresponding.  As noted in <u>Watts</u>, the right of inmates to correspond with outsiders is not unrestricted, and in this case, the issue is the right of fellow inmates to correspond.  Therefore, such also is not unrestricted, and a single instance of a returned letter does not support a constitutional violation.

The Court also finds no evidence that Defendants denied Plaintiff access to the courts.  In her Amended Complaint, Plaintiff refers to the fact that she and her mother were parties to a pending criminal case at the time.  However, she does not allege that Defendants' actions resulted in an injury to her pending legal case.  <u>See</u> <u>Lewis v. Casey</u>, where the Court held that a plaintiff alleging denial of access to the courts must show that defendants "hindered his efforts to pursue a legal claim." 518 U.S. 343, 351 (1996).

## IV.     Conclusion

IT IS, THEREFORE, ORDERED that Defendants' Motion for Summary Judgment (Doc. No. 22) is GRANTED, and Plaintiff's Complaint against Defendants is DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 6th day of January, 2016.

_____
     JEROME T. KEARNEY
     UNITED STATES MAGISTRATE JUDGE